LESLIE A. MAC LEOD, AUDITOR OF PUERTO RICO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 963.   Argued April 23, 1934.—Decided July 26, 1934.

*Benjamin J. Horton, Attorney General* and *T. Torres Pérez, Assistant Attorney General,* for petitioner. *L. Tirado Géigel* for petitioners in the *mandamus* proceedings as *amicus curiae.*

Mr. Justice Hutchison delivered the opinion of the Court.

In a mandamus proceeding, the District Court of San Juan ordered the Pension Board to direct the payment of certain deductions that had been made from the salaries of certain employees from July 1, 1932 by resolution of the said board adopted July 13, 1932, and to direct that the salaries of the said employees, as fixed by law, be paid in full as the same should become due under the law. The Pension Board prepared a special voucher and transmitted the same with a certificate from the Civil Service Commission and a copy of the writ of mandamus to the Auditor of Puerto Rico. The Auditor refused to honor the voucher. He was ordered to appear before the district court and show cause why he should not be punished for contempt. He appeared and answered. His answer contained numerous admissions, denials and special defenses, including a disclaimer of any intention to commit a contempt of court, a denial that he had committed any contempt and the expression of his willingness to obey any order made in a pending action or proceeding in which the court had acquired jurisdiction over him. The Pension Board had done everything that the district court had ordered it to do. The district court had never ordered the auditor to do anything, prior to the issuance of its order to show cause why he should not be punished for contempt. The Auditor had not been made a party to the mandamus proceeding. He had not disobeyed any order of the court.

Nevertheless, the district court gave him three days within which to comply with or carry out its order by paying the salaries of the petitioners in the mandamus proceeding as provided in the writ of mandamus. At the same time the court announced that it would hold in abeyance its final decision in the contempt proceeding during these three days of grace. The only authorities cited by the district judge in support of his action are *In re Reese,* 107 Fed. 942; *Garrigan* v. *United States,* 163 Fed. 16; *State* v. *District Court,* 109 Pac. 434, and 5 Bancroft's Code Practice and Remedies, 5250, Section 4002.

Following the lead given us by the last of the above citations, we find this:

". . . If service is insufficient, as where a copy instead of the original writ is served on the defendant, a disobedience of the mandate may not be punished as a contempt. And one who is not a party to the mandamus proceedings is not ordinarily punishable for a violation of the order. Howevere, it is not necessary that a person shall have been a party to a mandamus proceeding or served with the writ in order to be adjudged guilty of contempt for violation of the mandate. Thus, punishment for contempt may be imposed on account of conduct in obstructing the due course of the law with knowledge of the writ."

The general rule should be followed, we think, save in very exceptional cases. "One who is not a party to the mandamus proceedings is not ordinarily punishable for a violation of the order." The instant case seems to come within the rule rather than within the exception. A mandamus proceeding against the Auditor would have been as simple and as speedy as an application for an order to show cause and much more regular. The Auditor was as much entitled to an opportunity to be heard as was the Pension Board. He should have been given his day in court.

The order must be annulled.